RUSH & SPRAGUE, Appellants, v. BURNS et al.; AYR
LAWN COMPANY, Interpleader.

### Division One, December 12, 1899.

Attachment: FRAUDULENT CONVEYANCES. All the issues involved in
this case are the same as those in Bangs Milling Co. v. Burns et al.,
152 Mo. 350, and for the reasons stated in that case the judgment is
affirmed.

*Appeal from Clinton Circuit Court.*—HON. WILLIAM S.
HERNDON, Judge.

AFFIRMED.

JOHNSON, RUSK & STRINGFELLOW, W. K. AMICK and F. M.
BLACK for appellants.

BROWN & DOLMAN, VINTON PIKE and WILLARD P. HALL
for respondents.

ROBINSON, J.—This case in all its essential features is
the counterpart of the case of Bangs Milling Company, plain-
tiff, against Stephen J. Burns & Co., defendant, with Harry S.
Piggott, interpleader, passed upon by this court at this term and
reported in 152 Mo. 350. In that case the plaintiff by its writ
of attachment against Burns & Co. caused to be levied upon,
property that had been conveyed by deed of trust executed by
Burns & Co., to Harry S. Piggott as trustee, to secure an
indebtedness due from Burns & Co. to the National Bank of
St. Joseph and The Ayr Lawn Co., as the property of said
Burns & Co., which said conveyance plaintiff assailed, as being
made in fraud of the rights of defendant's creditors. The
contest in that case was between the attachment plaintiff and
the trustee, Piggott, claiming the property for the use of the
Ayr Lawn Company and the bank.

In this case the property in controversy was conveyed by Burns & Company direct to the Ayr Lawn Company without the intervention of a trustee, but to secure the same indebtedness, and the Ayr Lawn Company in this case instead of the trustees under the deed of trust in that case, interplead for the property levied upon by plaintiff. The same facts were offered by plaintiff in each case to show the *mala fides* of the conveyance; in fact, the conveyances were made at one and the same time, for one and the same general purpose, and could properly be treated as one and the same transaction, and the briefs filed in each case are exact copies one of the other, with only the difference of the name of the parties plaintiff and interpleader indorsed on the backs thereof. Upon the authority and for the reasons given in the case of Bangs Milling Co. v. Burns et al., *supra*, the judgment of the circuit court rendered in this case will be affirmed.

All concur.